IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BECKETT MEDIA, LLC, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO._____ |
| V. | § § | |
| DEREK MILLER d/b/a MILLER CARDS, | § § | JURY DEMANDED |
| Defendant. | § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

In this complaint, Plaintiff Beckett Media, LLC ("Beckett") asserts claims against Defendant Derek Miller d/b/a Miller Cards ("Miller Cards") for copyright infringement under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*, the Computer Fraud and Abuse Act, as amended, 18 U.S.C. §1030 and other common law claims. Beckett seeks actual damages and attorneys' fees caused by Defendant. In addition, Beckett seeks a temporary and permanent injunction restraining Defendant from further infringing on and accessing its copyrighted works.

### I.
### PARTIES

1. Plaintiff is a Texas corporation authorized to do business in Texas. Plaintiff's principal place of business is located at 4635 McEwen Road, Dallas, Dallas County, Texas, 75244. Plaintiff is the owner of the copyrighted works at issue in this lawsuit.

2. Defendant Derek Miller d/b/a Miller Cards ("Miller Cards" or "Defendant") is a individual residing in the State of Kansas and can be served at his residence located at 3100 N.

66th Terrace, Kansas City, KS 66104 or wherever he may be found by certified mail, by serving the Texas Secretary of State or by other legal means.

## II.
## JURISDICTION AND VENUE

3. This action arises under the copyright laws of the United States under the Copyright Act, 17 U.S.C. §101 *et seq.* This Court has subject-matter jurisdiction over this action in accordance with 18 U.S.C. § 1030 and 28 U.S.C. §§ 1331, 1338(a). This Court has supplemental jurisdiction in accordance with 28 U.S.C. § 1367(a).

4. The Court has jurisdiction over Defendant because he is generally doing business in Texas and also because Defendant has had specific contacts with the state of Texas as it relates to the allegations in this suit. Specifically, Defendant through interactive websites offers products which infringe on Plaintiff's copyrighted works to individuals in this Judicial District. Through www.millercards.net and www.freebaseballcardspriceguide.com, Defendant purposely directs infringing products to individuals in Dallas County, the city of Dallas, and this Judicial District. Defendant's websites invite Texas residents to register and enter their email addresses, to whom Defendant sends information about products and services. Attached as Exhibit A is a true and correct copy of screenshots of Defendant's website.

5. Venue is proper under 28 U.S.C. § 1400(a) because Defendant may be found in this judicial district as a result of the products offered through his interactive websites: www.millercards.net and www.freebaseballcardspriceguide.com.

## III.
## FACTUAL ALLEGATIONS

*Beckett's copyrights in specialty market collectible publications and materials*

6. Beckett is the preeminent company and most trusted source operating within the collectibles industry, and has been since it formed in 1984. Beckett is well known as the most

respected and relied upon publisher of sports and specialty market collectible publications in the world. Beckett operates Beckett.com (www.beckett.com) – the leading online destination for sports collectible enthusiasts that gives instant access to more than 6 million price guide listings plus 27 million sports memorabilia items from close to 80 hobby dealers worldwide, and Beckett Grading Services, an award winning third-party professional sports card grading service.

7. Beckett's pricing processes are not generally known; are subject to a reasonable guard of secrecy; are competitively valuable information to other businesses and/or competitors; as the result of significant effort and money expended to develop; and are not subject to ready duplication or reverse engineering. Beckett's pricing processes are trade secrets.

8. Beckett authors many editions of its magazines, books, online publications and much more to reflect market changes for sports memorabilia. In a given year, Beckett authors, prints, and distributes no fewer than 60 monthly publications plus no fewer than five annual price guides. Online, Beckett continually updates and edits its publications.

9. Included in Beckett's publications are: Autographs—A Comprehensive Price Guide to Sports Certified Autographs; the Football Card Price Guide; the Baseball Card Price Guide; the Basketball Card Price Guide; the Hockey Card Price Guide; the Almanac of Baseball Cards & Collectibles; the Graded Card Price Guide; and a database titled Beckett Media Compilation published October 1, 2103 – December 31, 2103, continuously updated ("Copyrighted Works").

10. On January 15, 2014, Beckett received its Certificate of Registration for the Copyrighted Work, entitled "Autographs – A Comprehensive Price Guide to Sports Certified Autographs." A true and correct copy of the Certificate of Registration is attached hereto as Exhibit B.

11. On February 3, 2014, Beckett received its Certificate of Registration for the Copyrighted Work, entitled "Group registration for the automated database titled Beckett Media Compilation Published October 1, 2013 – December 31, 2013; representative publication date December 31, 2013; continuously updated." A true and correct copy of the Certificate of Registration is attached hereto as Exhibit C.

12. On January 10, 2014, Beckett applied for a Certificate of Registration for the Copyrighted Works, entitled "Racing Collectibles Price Guide," "Graded Card Price Guide," "Almanac of Baseball Cards & Collectibles," "Baseball Card Price Guide," "Basketball Card Price Guide," "Hockey Card Price Guide," and "Football Card Price Guide," the applications for which are attached hereto respectively as Exhibits D, E, F, G, H, I and J. As the author, Beckett is the owner of the Copyrighted Works.

13. Beckett has complied with the provisions of the Copyright Act, the deposit, application, and fee required for registration of copyright for the Copyrighted Works, and delivered each to the Copyright Office in proper form. Accordingly, Beckett properly brings this copyright infringement action against Defendant in compliance with the registration prerequisites of the Copyright Act and the law of this Circuit.

*Defendant's Infringement*

14. Defendant operates several websites dedicated to providing checklists and pricing guides for card collections; including but not limited to www.millercards.net and www.freebaseballcardspriceguide.com. Defendant had access to Plaintiff's pricing guides through his membership at www.beckett.com. As a condition of his membership, Defendant agreed to the Member Terms of Service Agreement. Defendant agreed that the unauthorized reproduction, preparation of derivative works, distribution, or other display of the Copyrighted Works was prohibited by Beckett.

15. The checklist and pricing data offered by Defendant on its websites and has been directly copied from Plaintiff's Copyrighted Works and included on Defendant's websites. Upon information and belief, Defendant gives away Plaintiff's Copyrighted Works to drive traffic to his websites to sell his other products and to generate advertisement revenue.

16. Defendant stole Beckett's checklists and pricing data by using data scraping tools to obtain Beckett's copyrightable content (the checklists and pricing data) from www.beckett.com. Beckett's database is a product of countless hours and dollars of research and development that contains a compilation of millions of rows of data and millions upon millions of pieces of data within those rows that when compiled in Beckett's unique way gives Beckett's customers precise and instantly recognizable information in a short period of time. Beckett has expended large amounts of time and money to categorize this data into a format that allows for searching and organizing of the data along with the independently developed pricing data for sports memorabilia. Beckett provides access to this data for a fee, and there is a market for licenses to access and use checklists and pricing data. Defendant's actions have caused Beckett to suffer damages and lost profits in excess of $5,000.00.

17. Defendant offers the same card checklist, grading and pricing data that has been copyrighted by Plaintiff. Despite never requesting, nor receiving permission from Beckett, Defendant copied verbatim significant portions of the Copyrighted Works.

18. Defendant, in violation of Beckett's copyrights in the Copyrighted Works and without permission, has included identical or substantially similar features of the Copyrighted Works in his websites (collectively, the "Infringing Works"). The Infringing Works are offered through Defendant's websites, www.millercards.net and www.freebaseballcardspriceguide.com. Defendant's Infringing Works do not provide any credit to the true copyright holder. Customers can place inquiries into acquiring the infringing works from Defendants and ordering

Defendant's products through his websites. These potential customers include customers in this Judicial District.

19. Defendant has attempted to distribute the Infringing Works to third parties who desire information regarding the pricing of collectables, including parties in this Judicial District, and throughout the United States without permission, license, or consent from Beckett.

20. Defendant, without permission from Beckett, has copied, distributed, and made derivative works of its Copyrighted Work, and therefore have infringed its copyrights.

21. On information and belief, Defendant was aware of its infringing activities and Beckett's copyrights in the Copyrighted Works. Thus, Defendant copied and misappropriated Beckett's Copyrighted Works knowingly, intentionally and, therefore, willfully.

## IV.
## CLAIMS

### COUNT I
### COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 101 et seq.

22. Beckett repeats and realleges each of the allegations contained in paragraphs 1 through 21 above as if fully set forth herein.

23. Beckett is the owner of the Copyrighted Works, which are original works of authorship fixed in a tangible medium of expression entitled to protection under the Copyright Act, 17 U.S.C. § 101 *et seq.*

24. Defendant had access to and copied Beckett's Copyrighted Works and either incorporated identical portions thereof into at least one of their Infringing Works or made derivative works, and sold, displayed and distributed unauthorized copies or derivative works for financial gain, all in violation of the rights granted to Beckett under 17 U.S.C. § 106.

25. Defendant has infringed and continues to infringe Beckett's Copyrighted Works in violation of 17 U.S.C. §§ 106 and 501(a), by reproducing, distributing, displaying, and selling his Infringing Works containing Beckett's Copyrighted Works.

26. By reason of Defendants' infringement of Beckett's copyrights, Beckett has sustained and will continue to sustain substantial irreparable injury and loss.

27. Unless enjoined, Defendant's acts of copyright infringement as alleged above will cause Beckett continued irreparable injury.

28. By reason of its infringement of Beckett's copyrights as alleged above, Defendant is liable to Beckett for the actual damages it incurred as a result of Defendant's infringement and any additional profits of Defendant attributable to the infringement.

## COUNT II
### COMMON LAW MISAPPROPRIATION UNDER TEXAS LAW

29. Beckett repeats and realleges each of the allegations contained in paragraphs 1 through 28 above as if fully set forth herein.

30. As set forth above, Beckett has invested significant time and money into creating and marketing the Copyrighted Works.

31. In violation of Beckett's rights in the Copyrighted Works, Defendant has improperly reproduced, distributed, displayed, and sold his Infringing Works containing Beckett's Copyrighted Works. Therefore, Defendant has benefited and profited from his improper use of Beckett's protectable rights.

32. Defendant's misappropriation has injured Beckett, thereby entitling it to actual damages. Due to the deliberate, willful and malicious nature of Defendant's actions, Beckett is entitled to recover exemplary damages from Defendant.

## COUNT III
### ACCOUNTING

33. Beckett repeats and realleges each of the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

34. Beckett is entitled to recover any profits of Defendant that are attributable to Defendant's acts of copyright infringement as alleged herein in accordance with 17 U.S.C. § 504(b), as well as from the wrongful misappropriation of Beckett's Copyrighted Works.

35. The amount of money due from Defendant to Beckett is unknown to Beckett and cannot be ascertained without an accounting of the value and number of sales and licenses that are attributable to Defendant's copyright infringement.

## COUNT IV
### BREACH OF CONTRACT

36. Beckett repeats and realleges each of the allegations contained in paragraphs 1 through 35 above as if fully set forth herein.

37. As a condition of his membership at www.beckett.com, Defendant agreed to the Member Terms of Service Agreement. Defendant agreed that the unauthorized reproduction, preparation of derivative works, distribution, or other display of the Copyrighted Works was prohibited by Beckett.

38. Defendant has breached this Member Terms of Service Agreement by copying Beckett's checklist and pricing data and offering this material directly copied from Plaintiff's Copyrighted Works on Defendant's websites. Upon information and belief, Defendant gives away Plaintiff's Copyrighted Works to drive traffic to his websites to sell his other products and to generate advertisement revenue.

39. Defendant's breach of Member Terms of Service Agreement has caused Beckett to sustain damages within the jurisdictional limits of the Court.

## COUNT V
### UNJUST ENRICHMENT

40. Beckett repeats and realleges each of the allegations contained in paragraphs 1 through 39 above as if fully set forth herein.

41. Defendant has been unjustly enriched by the taking of Beckett's checklists and pricing data. The checklist and pricing data offered by Defendant on its websites has been directly copied from Plaintiff's Copyrighted Works and included on Defendant's websites. Upon information and belief, Defendant gives away Plaintiff's Copyrighted Works to drive traffic to his websites to sell his other products and to generate advertisement revenue.

42. Defendant stole Beckett's checklists and pricing data by "scraping" its copyrightable content (the checklists and pricing data) from www.beckett.com. Beckett's database is a product of countless hours and dollars of research and development that contains a compilation of millions of rows of data and millions upon millions of pieces of data within those rows that when compiled in Beckett's unique way gives Beckett's customers precise and instantly recognizable information in a short period of time. Beckett has expended large amounts of time and money to categorize this data into a format that allows for searching and organizing of the data along with the independently developed pricing data for sports memorabilia.

43. Defendant offers the same card checklist and pricing data that has been copyrighted by Plaintiff. Despite never requesting, nor receiving permission from Beckett, Defendant copied verbatim significant portions of the Copyrighted Works.

44. Defendant's actions have led him to be unjustly enriched by the profits gained without the expense spent to develop the Copyrighted Works.

## COUNT VI
### VIOLATION OF COMPUTER FRAUD AND ABUSE ACT UNDER 18 U.S.C.S. § 1030 ET SEQ.

45. Beckett repeats and realleges each of the allegations contained in paragraphs 1 through 44 above as if fully set forth herein.

46. Defendant knowingly and with intent to defraud, accessed Beckett's protected website, without authorization and copied the Copyrighted Works for use on and to increase value to Defendant's websites. Defendant's actions were committed for purposes of Defendant's commercial advantage and financial gain.

47. Defendant's actions have caused Beckett to be damaged in an amount in excess of $5,000.00, which includes amounts incurred in responding to and prosecuting Defendant's conduct, and such damages are within the jurisdictional limits of this Court.

## COUNT VII
### TRESPASS TO CHATTELS

48. Beckett repeats and realleges each of the allegations contained in paragraphs 1 through 47 above as if fully set forth herein.

49. Defendant has committed trespass to chattels, the wrongful interference with the use or possession of another's property, by unlawfully obtaining or otherwise "scraping" Beckett's protected data from its website. *See Southwest Airlines Co. v. Farechase, Inc.*, 318 F. Supp. 2d 435 (N.D. Tex. 2004). The checklist and pricing data offered by Defendant on his websites has been directly copied from Plaintiff's Copyrighted Works and included on Defendant's websites. Defendant has used a software program to unlawfully access Beckett's protected information and engage in unfair competition.

50. By stealing Beckett's copyrighted material and using it to increase traffic and value to Defendant's websites, Defendant has wrongfully interfered with the use and possession of Beckett's property.

51. As a result of Defendant's conduct, Beckett has suffered actual damages in an amount within the jurisdictional limits of this Court. Further, Defendant's trespass gives rise to Beckett's claim for injunctive relief, as described herein.

### COUNT VIII
### HARMFUL ACCESS BY COMPUTER UNDER TEXAS PENAL CODE § 33.02 AND TEXAS CIVIL PRACTICE AND REMEDIES CODE § 143.001 ET SEQ.

52. Beckett repeats and realleges each of the allegations contained in paragraphs 1 through 51 above as if fully set forth herein.

53. Defendant knowingly accessed Beckett's website with the intent to defraud and harm Beckett by stealing the Copyrighted Works without permission. Defendant knowingly and intentionally used data scraping tools to copy pricing data directly from Beckett's website and used the same information to increase traffic and value to Defendant's websites. Defendant's access to Beckett's Copyrighted Works was unauthorized and without effective consent from Beckett.

54. Based on Defendant's conduct, Beckett has suffered actual damages and has incurred attorneys fees, in amounts within the jurisdictional limits of this Court.

### V.
### ATTORNEY'S FEES, COURT COSTS EXPENSES

55. Beckett retained the law firm of Anderson Tobin, PLLC to prosecute its claims against Defendant and agreed to pay all reasonable and necessary attorneys' fees, court costs and expenses incurred. Pursuant to § 38.001 and § 143.002 of the Texas Civil Practice & Remedies

Code, Beckett is entitled to recover an award of reasonable and necessary attorneys' fees against Defendant.

## VI.
### REQUEST FOR TEMPORARY AND PERMANENT INJUNCTION

56. Defendant's unauthorized use of the Copyrighted Works constitutes copyright infringement under the Copyright Act. As a result, Beckett is entitled to a temporary and permanent injunction restraining Defendant from further infringing Beckett's Copyrighted Works or otherwise violating the exclusive rights in Beckett's copyrights. Defendant's actions have caused and will continue to cause Beckett irreparable harm and have left it with no adequate remedy at law. Moreover, the relief requested will favor the public's interest, Beckett is substantially likely to prevail on the merits of its claims, and the hardships imposed on Defendant by the requested injunction will not outweigh the harm to Beckett if one is not granted. Accordingly, the Court should enter a permanent injunction restraining Defendant and its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with them from further infringing Beckett's Copyrighted Works or otherwise violating the exclusive rights in its copyrights.

## VII.
### JURY DEMAND

57. In accordance with Federal Rule of Civil Procedure 38, Beckett hereby demands a trial by jury on its claims alleged against Defendant.

## VIII.
### REQUESTS FOR RELIEF

For these reasons, Beckett respectfully requests the Court to:

A. Enter a judgment against Defendant for infringing Beckett's copyrights in the Copyrighted Works;

B. Issue a temporary injunction enjoining Defendant and its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendant from the acts described in this Complaint;

C. Issue a permanent injunction enjoining Defendant and its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendant from the acts described in this Complaint;

D. Order Defendant and its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendant to identify all third parties to whom Defendant has distributed any type of materials incorporating any of Beckett's Copyrighted Works;

E. Order the impounding and destruction of all materials claimed to have been made or used by Defendant in violation of Beckett's exclusive rights in its copyrights that are substantially similar to Beckett's Copyrighted Works in accordance with 17 U.S.C. § 503;

F. Order Defendant to provide an accounting of all sales, revenues, and profits related to Defendant's works that infringe Beckett's Copyrighted Works in accordance with 17 U.S.C. § 504(b);

G. Order Defendant to pay all actual damages suffered by Beckett and the profits of Defendant attributable to such infringement in accordance with 17 U.S.C. § 504(b);

H. Award Beckett any other monetary relief to which it is entitled in accordance with 18 U.S.C. §1030 and U.S.C. §§ 504 and 505;

I. Award Beckett's actual damages caused by Defendant's misappropriation, including but not limited to recovery of Defendant's wrongful profits;

B. Issue a temporary injunction enjoining Defendant and its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendant from the acts described in this Complaint;

C. Issue a permanent injunction enjoining Defendant and its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendant from the acts described in this Complaint;

D. Order Defendant and its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendant to identify all third parties to whom Defendant has distributed any type of materials incorporating any of Beckett's Copyrighted Works;

E. Order the impounding and destruction of all materials claimed to have been made or used by Defendant in violation of Beckett's exclusive rights in its copyrights that are substantially similar to Beckett's Copyrighted Works in accordance with 17 U.S.C. § 503;

F. Order Defendant to provide an accounting of all sales, revenues, and profits related to Defendant's works that infringe Beckett's Copyrighted Works in accordance with 17 U.S.C. § 504(b);

G. Order Defendant to pay all actual damages suffered by Beckett and the profits of Defendant attributable to such infringement in accordance with 17 U.S.C. § 504(b);

H. Award Beckett any other monetary relief to which it is entitled in accordance with 18 U.S.C. §1030 and U.S.C. §§ 504 and 505;

I. Award Beckett's actual damages caused by Defendant's misappropriation, including but not limited to recovery of Defendant's wrongful profits;

J.  Award Beckett exemplary damages under Chapter 41 of the Texas Civil Practices and Remedies Code;

K.  Award Beckett pre-judgment and post-judgment interest at the maximum allowable interest rate;

L.  Award Beckett its attorney's fees reasonably incurred in the prosecution of this action; and

M.  Grant Beckett such other and further relief, at law or in equity, to which it is justly entitled.

DATE: April 24, 2014.

        Respectfully submitted,

        **ANDERSON TOBIN, PLLC**

        /s/ Kendal B. Reed
        Aaron Z. Tobin
        Texas Bar No. 24028045
        Kendal B. Reed
        Texas Bar No. 24048755
        One Galleria Tower
        13355 Noel Road, Suite 1900
        Dallas, Texas 75240
        Telephone: (972) 789-1160
        Facsimile: (972) 789-1606
        E-Mail: atobin@andersontobin.com
                kreed@andersontobin.com

        ATTORNEYS FOR BECKETT MEDIA, LLC